UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH W.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____

**DECISION AND ORDER**

1:19-CV-00544 EAW

## BACKGROUND

Represented by counsel, plaintiff Joseph W. ("Plaintiff") brought the instant action pursuant to Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for supplemental security income. (Dkt. 1). On August 3, 2020, the Court entered a Decision and Order granting the Commissioner judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 16) (the "August 3 D&O"). In the August 3 D&O, the Court noted that Plaintiff had pointed to certain school records as supporting his claim that he had a learning disability. (*Id*. at 7). The Court noted that these school records appeared to refer to a different individual with the same name as Plaintiff, as they reflected a different birthdate and race. (*Id*.). The Court went on to explain that, even accepting Plaintiff's contention that these school records were his, they did not "require[] the ALJ to conclude that Plaintiff had a medically determinable impairment of a learning disability." (*Id*.).

Two days after the Court entered the August 3 D&O, the Commissioner entered a motion seeking to strike the Administrative Transcript in this matter. (Dkt. 18). This

- 1 -

cursory motion cited no legal authority for the relief sought and, on August 6, 2020, the

Court entered a Text Order explaining that:

> The Commissioner of Social Security has filed an unopposed motion to strike the administrative transcript (Dkt. 6) on the basis that it contains personally identifying information regarding an individual other than Plaintiff. However, from the Court's review of the record, it appears that the portion of the administrative transcript at issue was before the administrative law judge in this case. Further, both the parties discussed the relevant portion of the administrative transcript in their respective motions for judgment on the pleadings, and the Court discussed and cited to it in its Decision and Order of August 3, 2020 (Dkt. 16). The Commissioner of Social Security has cited to no authority suggesting it is appropriate for a court to strike the administrative transcript where it is an accurate reflection of the proceedings at the administrative level and where it has been cited to and relied upon by the Court in issuing a final decision. The Court cannot, on this record, grant the Commissioner of Social Security's motion to strike.

(Dkt. 19). The Court afforded the Commissioner an opportunity to file a supplemental

memorandum setting forth legal support for the requested relief. (*Id.*). Thereafter, the

Commissioner filed both a supplemental memorandum (Dkt. 20) and a further motion to

alter the judgment (Dkt. 21). In the motion to alter the judgment, the Commissioner asks

the Court to redact from the August 3 D&O, "the [non-party] individual's personally

identifiable information, including name, birthdate, race, and academic history." (Dkt. 21-

1 at 1). For the reasons that follow, the Court denies the pending motions.

## DISCUSSION

The primary legal authority the Commissioner cites in support of the requested relief

is the Privacy Act of 1974, 5 U.S.C. § 552a. (*See* Dkt. 20 at 1; Dkt. 21-1 at 1-2); *see also*

*Yusim v. Off. of Acting Comm'r of Soc. Sec. Admin.*, 406 F. Supp. 3d 194, 196 (E.D.N.Y.

2018) ("The Privacy Act serves to safeguard the public interest in informational privacy

by delineating the duties and responsibilities of federal agencies that collect, store, and

disseminate personal information about many individuals." (quotation omitted)).
However, nothing in the Privacy Act governs the instant factual scenario.

The Privacy Act requires the Commissioner to protect personal information, and the
Commissioner purportedly seeks to comply therewith by striking the school records at
issue from the Administrative Transcript.  As the Court explained in its earlier Text Order,
this request is incompatible with the procedural history of this case.  The school records at
issue were made part of the record and reviewed by the administrative law judge ("ALJ")
(see Dkt. 6 at 40, 47 ("Counsel, I saw the school records.")) and were discussed and relied
upon by Plaintiff in seeking to reverse the ALJ's decision (see Dkt. 8-1 at 6, 15-16).  They
were further discussed by the Court in the August 3 D&O and were relevant to the Court's
resolution of the parties' competing motions.  They have accordingly become judicial
documents, and the Court cannot simply excise them from the record of this case as the
Commissioner has requested.  Moreover, the birthdate and race set forth therein were
critical to the Court's determination that, notwithstanding Plaintiff's argument to the
contrary, the school records at issue likely did not pertain to him.[1]

Further, the Commissioner has cited no authority to support its requested relief
under these circumstances.  In the sole case cited by the Commissioner, *Rogers v. Colvin*,
No. 5:13-CV-1185 RFT, 2015 WL 1292501 (N.D.N.Y. Mar. 23, 2015), no party had relied
upon the records at issue.  *Id*. at *1 n.3.  And, while the Court is not insensitive to the

---

[1]     The Court notes that it is still not entirely clear that the school records at issue belong
to a non-party (as opposed to the school having committed a clerical error when recording
Plaintiff's birthdate and/or race).  That was not the position taken by Plaintiff, and the
Commissioner has submitted nothing in support of the pending motions that would
conclusively establish to the contrary.

privacy concerns identified by the Commissioner, the Court notes that before the Commissioner filed the instant motions, the August 3 D&O had been picked up and published on electronic databases that the Court does not maintain or control. Accordingly, even were the Court to modify the August 3 D&O as requested by the Commissioner, the information at issue would still be publicly available.

In sum, the Commissioner has not demonstrated that it would be appropriate for this Court to grant the relief requested, and the pending motions are accordingly denied.

## CONCLUSION

For the foregoing reasons, the Commissioner's motions to strike the Administrative Transcript (Dkt. 18) and to alter the judgment (Dkt. 21) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        October 24, 2022
              Rochester, New York